John D. EASTWOOD, Plaintiff–
Appellant,

v.

Larry HUFFMAN; James Sisk; Doris
L. Ewing; Michael J. Combs; D.H.
Austin; R. Davis; Nurse Murphy; B.
Wright; F.W. Greene; R. Jones, De-
fendants–Appellees.

No. 02–7428.

United States Court of Appeals,
Fourth Circuit.

Submitted Feb. 28, 2003.

Decided May 1, 2003.

John D. Eastwood, Appellant Pro Se.
Pamela Anne Sargent, Assistant Attorney
General, Richmond, Virginia, for Appel-
lees.

Before WILLIAMS and MICHAEL,
Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part and vacated and
remanded in part by unpublished PER
CURIAM opinion.

## OPINION

PER CURIAM:

John D. Eastwood appeals the district
court's order accepting the recommenda-
tion of the magistrate judge and denying
relief on his 42 U.S.C. § 1983 (2000) com-
plaint. Eastwood presents claims of inad-
equate medical care and improper calcula-
tion of his term of imprisonment. We
affirm the grant of summary judgment to
the Defendants as to the medical care
claim on the reasoning of the district court.
*Eastwood v. Huffman*, No. CA–01–768–3
(E.D.Va. Aug. 26, 2002).

Eastwood claimed that his term of im-
prisonment was not properly calculated be-
cause his sentence was never credited with
a period of 107 days during which he was
incarcerated in Brevard County Jail in
Florida awaiting extradition to Virginia.
The Defendants relied on the affidavit of
James Sisk in opposing this claim. Al-
though Sisk's affidavit asserts that East-
wood's time was properly calculated, it
does not mention the 107 days and does
not address the sentence imposed on East-

wood on April 3, 1997. The magistrate judge recommended denying relief on this claim based on his determination that Eastwood did not provide an adequate factual basis for it. In response, Eastwood submitted his own affidavit describing his sentences and identifying the individuals responsible for the calculation of his sentence. He also submitted documentation establishing that he was incarcerated in Florida for 107 days pending extradition to Virginia. The district court adopted the magistrate judge's recommendation but its opinion does not specifically state that the court conducted a de novo review. Moreover, the court did not address the evidence submitted by Eastwood regarding the calculation of his sentence. When, as here, objections to a magistrate judge's recommendation have been filed, de novo review by an Article III judge is not only required by statute, *Orpiano v. Johnson,* 687 F.2d 44, 47–48 (4th Cir.1982), but is indispensable to the constitutionality of the Magistrate Judge's Act. *United States v. Raddatz,* 447 U.S. 667, 681–82, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Because we cannot say with certainty on the present record that Eastwood's sentence calculation claim is meritless, and because the district court's opinion does not state that the court conducted a de novo review, we vacate as to this claim and remand for further proceedings.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED AND REMANDED IN PART.*